McPIKE, Plaintiff in Error, v. KERR'S EXECUTOR, Defendant in Error.

1. A. executed in favor of B. the following agreement: "I hereby obligate myself to insure to B. ten per cent. per annum profit upon the amount of capital invested by him in the trade of merchandise to be managed by me at Louisiana, Mo. March 18, 1846. [Signed] A." C. endorsed this agreement as security for A. B. invested money upon the faith of this agreement and endorsement. *Held,* that the liability of A. and C. was contingent and conditioned upon the profits accruing falling below ten per cent. upon the amount invested by B.

### *Error to Pike Circuit Court.*

This was an action commenced August 13, 1852, by Abraham McPike, as assignee of James McPike, against William Kerr. Kerr dying, his executor was made defendant. The amended petition is in substance as follows : That on March 18, 1846, one Hyman E. Block, being about to enter into partnership with James McPike, bound himself by an instrument in writing of that date to insure to the said James McPike the payment to him of ten per cent. per annum profit upon the amount of capital invested by him, the said James McPike, in the mercantile business to be managed by him, the said Block, at Louisiana, Mo. ; that, at the same time, William Kerr, defendant, in consideration that said James McPike would furnish said Block capital to conduct said mercantile business, and as an inducement therefor, agreed

---

with the said Block and J. McPike that he would become the surety of the said Block for the payment of the annual interest on the amount of capital so invested ; that thereupon defendant endorsed said instrument as security thereto ; that thereupon said J. McPike paid said Block the sum of $1,200 as so much capital invested in said business, which defendant well knew ; that on January 1, 1850, said J. McPike, for value, assigned said instrument with the obligation therein contained to plaintiff, the said James McPike having, previous to said assignment, paid to the said Block for the said business the sum of about $2,000 in addition to the sum of $1,200 above stated ; that Block had the sole management of said mercantile business, and, if he realized a profit of ten per cent. upon the capital invested, has not paid the same or any part thereof to said James McPike, or to this plaintiff ; nor has the said defendant paid the same or any part thereof. Plaintiff asks judgment for $1,010."

At the trial the instrument mentioned above in the petition, together with the endorsement thereon, was introduced in evidence. They are set forth below in the opinion of the court. James McPike testified that this instrument " was given by him to Block to be executed the day before said Block received the $1,200, being his amount of capital put into the firm of H. E. Block & Co. He told Block he could not get the $1,200 until Kerr had executed the paper ; and the understanding of Block and witness was that Kerr was to sign the paper with Block and under his name. The day after Block brought the paper to witness signed as it now is with Kerr's name on it on the back. Witness never had any conversation with Kerr on the subject until a year or more after on his way to St. Louis, when Kerr told him he was bound for ten per cent. interest on the capital ($1,200) he had put into the concern of H. E. Block & Co." This was all the testimony introduced. The court, at the instance of the defendant, instructed the jury that " no evidence having been given that the defendant was notified of the default and nonpayment of the interest, or that he would be

held liable on his guaranty, before suit was brought, they must find for defendant."

The plaintiff took a nonsuit, with leave, &c.

*Broadhead*, for plaintiff in error.

I. The contract is not a guaranty but an obligation on the part of Block to pay ten per cent. per annum to McPike upon the amount of capital invested, and Kerr became his security on that obligation. (1 Pars. on Contr. 493; 24 Pick. 250.) The fair construction of the instrument is that Block was to pay ten per cent. to McPike on the capital invested by him, and as much more, if any thing more were made, as the business would yield. The undertaking of Kerr is not a guaranty. It is a direct promise to pay McPike the interest specified in the body of the instrument; nothing collateral about it; no promise to pay if Block does not. McPike would not pay the money unless Kerr would sign the paper. When Kerr did sign, the money was paid. (12 Mass. 154, 297.) The court erred in giving the instruction asked.

*Henderson* and *Fogg*, for defendant in error.

I. The court did not commit error in giving the instruction asked. The contract was not to pay to McPike absolutely a sum equal to ten per cent. on his capital invested. It was an undertaking to insure or guaranty that the business of the concern would yield a profit of ten per cent. per annum on the capital invested. It was collateral. (2 Parsons on Contr. 144.) The contract of Block was collateral. Kerr's contract was a mere guaranty. No liability can accrue against either Block or Kerr unless the concern shall fail to realize the stated profits, and before that can be ascertained the partnership affairs must be adjusted and settled. The obligation was future in its operation, and the amount to be paid by Kerr, if any thing, uncertain. If the concern realized five per cent. then his liability could not exceed five per cent. In such case the guarantor is entitled to notice of

the amount to be paid. (1 Pars. on Contr. 501; 22 Maine, 175; 11 Metc. 361; 1 Eng. 142; 13 Conn. 28; 13 Verm. 106; 16 Verm. 63.)

EWING, Judge, delivered the opinion of the court.

The instrument which is the foundation of this suit is as follows: " I hereby obligate myself to insure to James McPike ten per cent. per annum profit upon the amount of capital invested by him in the trade of merchandise to be managed by me at Louisiana, Missouri. March 18, 1846. [Signed] Hyman E. Block." Upon the instrument is this endorsement: " William Kerr; for the annual interest alone." This is an action by the plaintiff, as assignee of James McPike, against Kerr's executor, to recover one thousand and ten dollars, the annual interest claimed to be due on the capital invested by James McPike as a partner of Block in the mercantile business. The question is whether this undertaking of Kerr is in its legal effect a direct and absolute promise to pay the annual interest, or whether it is conditional and the liability it creates contingent. This question will be determined by ascertaining the nature of Block's obligation. The engagement of Block, the principal, was to insure to McPike, his partner, ten per cent. per annum *profit* upon the amount of capital invested by him. By this instrument he intended to secure himself against the ordinary risks of the enterprise to the extent at least of the stipulated profit; but it is evident that he did not intend to *restrict* himself to that sum if the profits of the business exceeded it. If greater than ten per cent., he would be entitled to them; if less, the deficiency is secured by the obligation of Block and Kerr. The language of the instrument, the nature of the transaction, and the relation the parties sustained to each other as partners, make it manifest that Block was to be liable in the event only that the profits of the business should be less than ten per cent. per annum. The terms of the instrument are peculiarly expressive of

such intention, and are inappropriate to convey a different meaning. Whatever the extent of Block's liability may be beyond the stipulated profit, if any, Kerr's undertaking is expressly restricted to that, and the liability of both is that far commensurate by virtue of the instrument, and may be enforced when it is shown that it has not been realized from the business.

The liability of the surety is generally measured by that of the principal, and will not be construed to be greater unless it is expressly assumed. It is not to be extended by implication. If Block is only contingently liable, Kerr's liability is also contingent, and both, in this respect, stand upon the same ground as to the ten per cent. profit. Kerr's engagement must be interpreted in connection with Block's; and, upon looking at the writing executed by the latter, we understand what is meant by the endorsement. The words "annual interest" there employed evidently mean the per cent. profit which the other side of the paper calls for; and is not an obligation to pay ten per cent. annually on the capital, irrespective of the conditions which, as already observed, its terms clearly import. Thus viewing the undertaking and liability of Kerr, the petition fails to show any cause of action against him. What the profits of the partnership were is nowhere averred in the petition. For aught that appears, they may have been equal to or exceeded the sum stipulated for in the instrument of writing sued on; and, if so, no liability is incurred by the defendant, as Kerr's executor, to pay any thing. If there is a deficiency it must be alleged and proved. The petition being therefore defective, the judgment will be affirmed, without reference to the instruction given by the court, which we think erroneous in maintaining that notice of Block's default was necessary. As we regard the transaction, such notice was not necessary; but, as for the reason stated there could have been no recovery on the petition, the judgment will be affirmed; Judge Napton concurring. Judge Scott absent.